# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
DIANA SCHMAUDER,                    *
                                    *
                  Petitioner,       *      No. 19-186V
                                    *      Special Master Christian J. Moran
v.                                  *
                                    *
SECRETARY OF HEALTH                 *      Filed: February 1, 2021
AND HUMAN SERVICES,                 *
                                    *      Onset of shoulder pain, fact ruling
                  Respondent.       *
* * * * * * * * * * * * * * * * * * * * *
```

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for respondent.

## FINDING OF FACT

A one-day hearing was held on January 28, 2021.  At the hearing, testimony was taken from petitioner, Ms. Diana Schmauder, and four witnesses, Ms. Judy Adams, Ms. Marianne Thomson, Mr. Randy Schmauder, and Ms. Jennie Turner.  All witnesses appeared remotely via videoconferencing.  At the end of the hearing, the undersigned found that Ms. Schmauder has met her evidentiary burden of establishing that her shoulder pain started within 48 hours of receiving her Prevnar 13 vaccine on July 13, 2016.  The undersigned additionally made a tentative finding of fact with respect to the amount of damages for pain and suffering, which is contained in an order filed concurrently with this fact-finding order.  For the purposes of the record, the bases for finding that Ms. Schmauder's shoulder pain began within 48 hours of the vaccination are briefly reviewed below.

*      *      *

Petitioners are required to establish the elements of their case by a preponderance of the evidence.  42 U.S.C. § 300aa–13(1)(a).  The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence."  Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted).

The process for finding facts in the Vaccine Program generally begins with analyzing the medical records, which are required to be filed with the petition.  42 U.S.C. § 300aa–11(c)(2).  As a matter of practice, when making findings of facts the undersigned gives substantial weight to records, such as medical records, that are created contemporaneously with the events they

describe.  Appellate courts have recognized that factfinders are well-within their discretion when choosing to give significant weight to contemporaneously created records.  See, e.g., Cucuras v. Sec'y of Health & Human Servs., 993 F.2d 1525, 1528 (Fed. Cir. 1993).  Of course, the presence or absence of medical records is not dispositive or binding on the outcome.  Instead, the undersigned is tasked with evaluating the entirety of the evidence in the record and determining, based on that evidence, which facts are more likely to be true than not.

*        *        *

Prior to the hearing, the Secretary contested Ms. Schmauder's claim that her arm pain began within 48 hours of her vaccination.  See Resp't's Status Rep., filed Sept. 24, 2020.  In response, Ms. Schmauder developed additional evidence.  Based on the affidavits of Kristy Major, Jessica Johnson, and Ms. Schmauder herself, the undersigned tentatively found that Ms. Schmauder's shoulder pain began no later than September 12, 2016.  See order, issued Jan. 21, 2021; exhibits 1 ¶ 8, 12 ¶ 4, 15 ¶ 6.  Accordingly, at the hearing, the undersigned evaluated whether the existence of onset within 48 hours was more probable than not.

Given that the Secretary did not allege any shoulder pain prior to vaccination, the relevant time period for consideration is July 13, 2016 (the date of vaccination), to September 12, 2016.  Notably, Ms. Schmauder did not mention her shoulder pain to medical personnel until December 19, 2016, when she called the AARP nurse help line, and did not mention the shoulder pain to one of her ongoing medical providers, Dr. McCoy, until January 6, 2017.  She had two medical appointments between vaccination and these dates – (1) a physical therapy appointment to address her BPPV on July 19, 2016, and (2) a gynecology appointment on August 26, 2016.  She did not mention shoulder pain at either of these appointments.  Preliminarily, the undersigned finds it reasonable that Ms. Schmauder would not report shoulder pain to a gynecologist.  Additionally, Ms. Schmauder discontinued physical therapy to address her vertigo after the July 19, 2016 appointment and, therefore, was not attending medical appointments during the relevant time period, in which she could have reported her shoulder pain.  With this lack of medical records created in the relevant time period, the undersigned considered the testimonies of the testifying witnesses.

The testimonies from the witnesses other than Ms. Schmauder supported the assertion that Ms. Schmauder's shoulder pain began earlier than when she reported it to the AARP nurse's line.  The testimonies of Ms. Adams and Ms. Thomson support the finding that Ms. Schmauder's shoulder pain began in mid-July after her vaccination, and that she began to experience mobility issues and trouble with physical tasks involved in her volunteer work with both witnesses approximately 2-3 weeks following the vaccination.  The undersigned found both of these witnesses to be credible and, though their accounts are not dispositive, they tend to reinforce each other and support Ms. Schmauder's account.  Similarly, the testimonies of Ms. Schmauder's children also support Ms. Schmauder's claim regarding onset, given their memories of changes in her daily life and activities following vaccination, which she attributed to the vaccine.

Though Ms. Schmauder's medical records indicate a significant delay in seeking medical treatment (she did not see a medical provider specifically for treatment of shoulder pain until April 25, 2017), she consistently attributed her pain to the vaccination.  See exhibit 1 ¶ 10, and exhibit 26 (call with AARP nurse on December 19, 2016); exhibit 10 at 1 (portal communication

2

with Dr. McCoy on January 6, 2017); exhibit 3 at 107 (report to Amanda Pinzon on April 25, 2017).  The consistency of these attributions, combined with the consistent testimonies of Ms. Adams, Ms. Thomson, and Ms. Schmauder's children, bolster Ms. Schmauder's claim that her shoulder pain began immediately following the vaccination and make it unlikely that Ms. Schmauder is misremembering the date and details of onset.

*       *       *

Ultimately, the undersigned has reviewed all the medical records and the testimony provided by Ms. Schmauder and her witnesses.  Accordingly, the undersigned finds that preponderant evidence exists to conclude that, more likely than not, Ms. Schmauder's shoulder pain started within 48 hours of her vaccination.

Accordingly, Ms. Schmauder is ORDERED to file a status report regarding proposed next steps by **Monday, March 1, 2021**.

Any questions may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master